In the Matter of GRAND VIEW APARTMENTS, INC., et al., Appellants-Respondents.
EDWARD CORSI, as Industrial Commissioner, Respondent-Appellant.

Third Department, December 28, 1954.

*Bernard Weitzman* and *Max Friedman* for appellants-respondents.

*Nathaniel L. Goldstein, Attorney-General* (*Francis R. Curran* and *Wendell P. Brown* of counsel), for respondent-appellant.

FOSTER, P. J.   These are cross appeals by the Industrial Commissioner and the alleged employers from a decision of the Unemployment Insurance Appeal Board.   The employers appeal from that part of the decision which held the eleven corporations named liable for unemployment insurance contributions.   The Industrial Commissioner appeals from that part of the decision which held that the provisions of former section 576 (subd. 1) of the Labor Law (as added by L. 1944, ch. 741; Unemployment Insurance Law) barred the collection of contributions on wages paid after January 1, 1940, and prior to January 1, 1947, by three of the corporations.

The issue of the subjectivity must be determined upon the basis of whether the eleven corporations involved in the proceeding employed four or more persons during the periods in question.   One Elias Wallberg was the president and sole stockholder of each corporation, and each corporation owned and operated an apartment house.   It seems to be virtually conceded that if Wallberg is counted as an employee of each corporation then all had four employees and are liable for contributions.

The employers contend that he is and was an independent contractor engaged in managing the real estate of each corporation.   There is no doubt that Wallberg managed the properties, arranged for the purchase of supplies and repairs, and even took care of drafting leases.   For such services he received from each corporation such pay, sometimes called a '' manage-

ment fee '' and at other times an '' officer's salary '', which he, as president of each corporation, dictated respectively. It is contended by appellants that he made contracts with each corporation to manage its real property but there is no proof of this fact in the record. The record indicates that he managed no other properties, and it can be inferred that his management services were not in fact available generally to the public.

We think it almost beyond debate that the board could go behind the facade of this arrangement, and that it had substantial evidence to sustain its determination that Wallberg was the employee of each corporation rather than an independent contractor.

The controversy between the Industrial Commissioner and the Appeal Board as to whether former section 576 (subd. 1) of the statute bars the collection of contributions on wages paid by three corporations prior to January 1, 1947, arises as follows. Under the provisions of the section named a proceeding for the collection of contributions based on wages paid on or after January 1, 1940, must be commenced within four years. This limitation does not apply however where: (1) the employer fails to file wage reports, (2) files false wage report with intent to defraud; (3) or receives a written notice from the commissioner determining amount of contributions due. Concededly the second and third contingency did not occur; and the employer in each instance did not file a wage report in the strict sense of that term, or at least on the form prescribed by the Industrial Commissioner. However two employers filed an application to cease to be subject to the Unemployment Insurance Law as of January 1, 1940, and the third an application to cease to be subject as of January 1, 1941. That meant that each employer claimed he had less than four employees working for him during the preceding calendar year. Those applications were approved subject to future verification. The Referee found, and the board has adopted his finding, that such applications were equivalent to wage reports. Under that construction the employers did not fail to file wage reports and the four-year limitation against the commissioner would apply.

The commissioner complains that by this construction the Appeal Board has exceeded its jurisdiction of passing on law and facts, and has invaded his rule-making function. This argument is based on the fact that the commissioner has by rule provided a specific form for a wage report different in context from an application to cease to be subject to the law. However

it is not pointed out why an employer who has in good faith filed an application to cease to be subject to the law should file future wage reports unless he takes on additional employees thereafter. If the commissioner is right then the limitation in the statute would never apply in the case of an employer who filed an application to cease to be subject to the law but who failed to file wage reports thereafter, which he could rightfully assume were not required unless he added additional employees so as to come within the statute. Every employer is required to keep wage records and furnish a statement thereof on demand, but we find no requirement that he must file wage reports unless he comes within the statute (see Labor Law, §§ 560, 575 [Unemployment Insurance Law]).

This controversy between the Industrial Commissioner and the Appeal Board arises because the corporations involved assumed that Wallberg was not an employee when they filed their applications to cease to be subject to the law. It is said that such applications are approved *pro forma* subject to future verification because men are not available for immediate verification. In this case the future audit did not take place until 1950, and then the approvals of the applications were rescinded on the basis that Wallberg was an employee. But no claim is made that the employers had any intent to defraud, so it cannot be said that they filed false wage reports with such an intent, assuming that the applications were equivalent to wage reports.

We are of the opinion that it was within the legal and fact-finding power of the board to determine that the applications for exemptions in these cases were equivalent to wage reports. Indeed we cannot see how the commissioner would have been in any better position had the corporations actually filed wage reports after the claims for exemptions were made. Doubtless such reports would not have carried Wallberg as an employee, and in that respect would have been false, but not intentionally so or with an intent to defraud. Thus the error, in reality a justiciable issue, would not have appeared on the face of the reports, and in all probability would not have been discovered until the audit was made. Hence we think the commissioner failed to make a decisive case on the grounds of expediency and the difficulty encountered in administering the statute.

But in any event the board had the duty and the power to construe the statute and to determine whether the procedure adopted by the employers came within its fair intent. It seems clear that the Legislature did not intend to penalize employers

for an error of judgment. They are barred from the limitation in the statute only when they file false wage reports with intent to defraud.

The decision of the Appeal Board should be affirmed, without costs.

BERGAN, COON, HALPERN and ZELLER, JJ., concur.

Decision affirmed, without costs.